UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2009 DEC 17 PM 12: 11

BY_____
DEPUTY CLERK

| | |
|---|---|
| PLASAN CARBON COMPOSITES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:09-cv-287 |
| v. ) | |
| ) | |
| SHELBY AUTOMOBILES, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Plasan Carbon Composites, Inc., f/k/a Plasan USA, Inc. ("Plasan" or Plaintiff), for its Complaint against Defendant Shelby Automobiles, Inc. ("Shelby" or Defendant), alleges as follows:

### PARTIES

1.  Plaintiff Plasan is a Delaware corporation with a principal place of business in Bennington, Vermont.

2.  Defendant Shelby, upon information and belief, is a Nevada corporation with a principal place of business in Las Vegas, Nevada.

### JURISDICTION AND VENUE

3.  Subject matter jurisdiction is proper in this Court pursuant to 28 USC §1332(a)(1) as the matter in controversy is between citizens of different states and exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

4.  This Court possesses personal jurisdiction over Defendant, who entered into a contract with Plaintiff in Vermont, ordered goods which were specially manufactured by Plaintiff for Defendant in Vermont, and conducted business with Plaintiff in Vermont.

DOWNS
RACHLIN
MARTIN PLLC

1

5.      Venue is proper in this District pursuant to 28 USC § 1391(a)(2) as a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## COMMON ALLEGATIONS

### The Parties

6.      Plaintiff incorporates paragraphs 1 through 5 of its Complaint as if more fully set forth herein.

7.      Ford Motor Company ("Ford") manufactures the Ford Mustang automobile.

8.      On behalf of Ford, Defendant Shelby outfits a special version of the Ford Mustang, popularly known as the "Ford Shelby" or "Shelby GT500KR" (hereafter referred to as the "GT500KR") by adding specially manufactured components to it.

9.      Plaintiff Plasan manufactures carbon fiber components for automobiles, including the automobile hoods, splitters and mirror covers (hereafter "Carbon Fiber Components"). As referred to in this Complaint, a "Set" of Carbon Fiber Components consists of 1 hood, 1 splitter, 1 left mirror cover and 1 right mirror cover.

### The Carbon Fiber Components and The Employee Incentive Plan

10.     At Defendant's request and order, beginning in late 2007, Plaintiff undertook and prepared to specially manufacture Carbon Fiber Components for the GT500KR for Defendant. On or about April 3, 2008, Plaintiff began delivering Carbon Fiber Components for the GT500KR to Defendant.

11.     The Parties agreed that in all, Plaintiff would specially manufacture and deliver to Defendant 1,747 Carbon Fiber Component Sets for the GT500KR by December 12, 2008. In exchange, Defendant agreed to pay all invoices in full and further agreed to pay Plaintiff's employees an incentive for manufacturing and delivering 1,747 Carbon Fiber Component Sets

by December 12, 2008 ("Employee Incentive Program"). These and other terms are memorialized in the Parties' Agreement attached at **Exhibit A**.

12. The Employee Incentive Program (put into place to compensate Plaintiff for the tremendous effort and overtime necessary to produce as many Sets as Defendant wanted as fast as Defendant wanted them) amounted to Fifty Dollars ($50.00) per Set for meeting the 1,747 Set goal, a total of $87,350.00.

13. On December 10, 2008 the Parties' agreed to move the delivery target by a week, from December 12, 2008 to December 19, 2008. In exchange for the one week extension of time Defendant gave Plaintiff to make the 1,747 Set goal, Plaintiff agreed to accept only half of the originally agreed Employee Incentive Program. Accordingly, Defendant committed to pay Plaintiff $43,675.00. This is memorialized in the amendment to the Parties' Agreement attached at **Exhibit B**.

14. Plaintiff specially manufactured and delivered to Defendant at least 1,747 Carbon Fiber Component Sets for the GT500KR by December 19, 2008.

15. Plaintiff invoiced Defendant for the Carbon Fiber Components with each delivery.

16. It was Defendant's practice to pay Plaintiff on these invoices by check, and each of the checks referenced the invoice(s) the check(s) were to be applied against.

17. Several of Plaintiff's invoices remain unpaid.

18. There remains an outstanding balance owed by Defendant to Plaintiff for Carbon Fiber Components Plaintiff specially manufactured and delivered to Defendant subject of Plaintiff's Invoice Number 115464. Defendant has only made a partial payment against this

invoice. Plaintiff has demanded payment on the balance owing on this invoice and Defendant has refused to pay.

19.  There remains an outstanding balance owed by Defendant to Plaintiff for Carbon Fiber Components Plaintiff specially manufactured and delivered to Defendant subject of Plaintiff's Invoice Number 115531. Defendant has only made a partial payment against this invoice. Plaintiff has demanded payment on the balance owing on this invoice and Defendant has refused to pay.

20.  Defendant failed to pay Plaintiff any of the monies they had promised Plaintiff for the Employee Incentive Program. As Defendant failed to pay Plaintiff's employees the promised incentive, Plaintiff has paid its employees these incentive monies. There remains an outstanding balance owed by Defendant to Plaintiff for Employee Incentive Program subject of Plaintiff's Invoice Number 115598. Plaintiff has demanded payment and Defendant has refused to pay.

### The Knight Rider Hoods

21.  Defendant requested that Plaintiff supply Defendant with 5 specially manufactured Carbon Fiber Component hoods. Defendant represented to Plaintiff that it required these hoods to provide to a television production for a popular show known as "Knight Rider" for use in television production purposes (in stunts). These hoods shall hereafter be referred to as "Knight Rider Hoods".

22.  Plaintiff and Defendant agreed that Defendant would pay Plaintiff $1,500 for each hood (this was less than the cost of the other hoods Plaintiff was selling to Defendant, because the Knight Rider Hoods were being used in stunts, and therefore were of a lesser quality and specification).

23. Plaintiff delivered 5 hoods to Defendant, and invoiced Defendant for the Knight Rider Hoods in Invoice #115613.

24. Defendant has failed and refused to pay for the Knight Rider Hoods subject of Invoice #115613.

## COUNT I – BREACH OF CONTRACT

### (As to the Carbon Fiber Components and the Employee Incentive Plan)

25. Plaintiff incorporates paragraphs 1 through 24 of its Complaint as if more fully set forth herein.

26. Plaintiff and Defendant entered into a contract requiring Defendant to pay Plaintiff for the Carbon Fiber Components Plaintiff specially manufactured and delivered to Defendant.

27. Plaintiff and Defendant entered into a contract requiring Defendant to pay Plaintiff certain monies further to an Employee Incentive Program.

28. Defendant has failed and refused to pay Plaintiff for the Carbon Fiber Components Plaintiff specially manufactured and delivered to Defendant subject of the above-identified invoices.

29. Defendant has failed and refused to pay Plaintiff any monies for the Employee Incentive Program subject of the above-identified invoice. Plaintiff has honored the commitment Defendant made to Plaintiff's employees nonetheless.

30. Defendant has breached the various terms of the attached Agreements and as a direct consequence of Defendant's breach of contract, Plaintiff has suffered injuries and damages.

WHEREFORE, Plaintiff Plasan Carbon Composites, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of Plaintiff's damages, award Plaintiff its costs and attorneys' fees, and grant Plaintiff such other relief as this Court deems just and equitable.

## COUNT II – UNJUST ENRICHMENT

### (As to the Carbon Fiber Components)

31. Plaintiff incorporates paragraphs 1 through 30 of its Complaint as if more fully set forth herein.

32. Plaintiff brings this count in the alternative to Count I, in the event Defendant disputes the existence of an enforceable contract.

33. Plaintiff specially manufactured and delivered Carbon Fiber Components for Defendant at Plaintiff's own time and expense, which Defendant accepted, retained, used and/or profited on for its own purpose.

34. Defendant has failed and refused to pay Plaintiff for Carbon Fiber Components Plaintiff specially manufactured and delivered to Defendant, subject of the above-identified invoices. Under the foregoing circumstances, it would be inequitable for Defendant to retain the benefit conferred by Plaintiff without compensating Plaintiff for its value.

35. As a result, Defendant has been unjustly enriched for its retention of Carbon Fiber Components, for which it has not paid.

WHEREFORE, Plaintiff Plasan Carbon Composites, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of Plaintiff's damages, award Plaintiff its costs and attorneys' fees, and grant Plaintiff such other relief as this Court deems just and equitable.

## COUNT III – PROMISSORY ESTOPPEL

### (As to the Carbon Fiber Components and the Employee Incentive Plan)

36. Plaintiff incorporates paragraphs 1 through 35 of its Complaint as if more fully set forth herein.

37. Plaintiff brings this count in the alternative to Count I, in the event Defendant disputes the existence of an enforceable contract.

38. Defendant made a clear and unambiguous promise to Plaintiff that it would pay Plaintiff for the Carbon Fiber Components Plaintiff specially manufactured and delivered to Defendant subject of the above-identified invoices.

39. Defendant made a clear and unambiguous promise to Plaintiff that it would pay Plaintiff for an Employee Incentive Program for meeting weekly volumes targets necessary to manufacture and deliver 1,747 Carbon Fiber Component sets by December 19, 2008.

40. Defendant knew or should have known that Plaintiff would rely upon these promises.

41. Plaintiff reasonably and forseeably relied on Defendant's promises and thereby manufactured and delivered 1,747 Carbon Fiber Component sets to Defendant by December 19, 2008.

42. Plaintiff reasonably and forseeably relied on Defendant's promises and thereby paid Plasan employees the Employee Incentive Program monies Defendant had promised to pay.

43. Defendant has failed and refused to pay Plaintiff for Carbon Fiber Components Plaintiff manufactured and delivered to Defendant and failed and refused to pay Plaintiff any monies it promised to pay for the Employee Incentive Program.

44. Plaintiff has been injured and damaged for Carbon Fiber Components it specially manufactured and delivered to Defendant, and for monies it has directly paid Plasan employees for the Employee Incentive Program and, in order to avoid injustice, Defendant should be ordered to fulfill its promises.

WHEREFORE, Plaintiff Plasan Carbon Composites, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of Plaintiff's damages, award Plaintiff its costs and attorneys' fees, and grant Plaintiff such other relief as this Court deems just and equitable.

## COUNT IV – BREACH OF CONTRACT

### (As to the Knight Rider Hoods)

45. Plaintiff incorporates paragraphs 1 through 44 of its Complaint as if more fully set forth herein.

46. Plaintiff and Defendant entered into a contract requiring Defendant to pay Plaintiff for the specially manufactured Knight Rider Hoods.

47. Defendant has failed and refused to pay Plaintiff for the Knight Rider Hoods Plaintiff manufactured and then delivered to Defendant subject of the above-identified invoice.

48. As a direct consequence of Defendant's breach of contract, Plaintiff has suffered injuries and damages.

WHEREFORE, Plaintiff Plasan Carbon Composites, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of Plaintiff's damages, award Plaintiff its costs and attorneys' fees, and grant Plaintiff such other relief as this Court deems just and equitable.

## COUNT V – UNJUST ENRICHMENT

### (As to the Knight Rider Hoods)

49. Plaintiff incorporates paragraphs 1 through 48 of its Complaint as if more fully set forth herein.

50. Plaintiff brings this count in the alternative to Count IV, in the event that Defendant disputes the existence of an enforceable contract.

51. Plaintiff manufactured then delivered the Knight Rider Hoods at Plaintiff's own time and expense, which Defendant accepted, retained, used and/or profited on for its own purpose.

52. Defendant has failed and refused to pay Plaintiff for Knight Rider Hoods, subject of the above-identified invoice. Under the foregoing circumstances, it would be inequitable for Defendant to retain the benefit conferred by Plaintiff without compensating Plaintiff for its value.

53. As a result, Defendant has been unjustly enriched for its retention of the Knight Rider Hoods, for which it has not paid.

WHEREFORE, Plaintiff Plasan Carbon Composites, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of Plaintiff's damages, award Plaintiff its costs and attorneys' fees, and grant Plaintiff such other relief as this Court deems just and equitable.

## COUNT VI – PROMISSORY ESTOPPEL

### (As to the Knight Rider Hoods)

54. Plaintiff incorporates paragraphs 1 through 53 of its Complaint as if more fully set forth herein.

55. Plaintiff brings this count in the alternative to Count IV, in the event Defendant disputes the existence of an enforceable contract.

56. Defendant made a clear and unambiguous promise to Plaintiff that it would pay Plaintiff for the Knight Rider Hoods Plaintiff manufactured and delivered to Defendant subject of the above-identified invoice.

57. Defendant knew or should have known that Plaintiff would rely upon this promise.

58. Plaintiff reasonably and forseeably relied on Defendant's promise and thereby manufactured and delivered to Defendant the Knight Rider Hoods.

59. Defendant has failed and refused to pay Plaintiff for the Knight Rider Hoods Plaintiff manufactured and delivered to Defendant.

60. Plaintiff has been injured and damaged pursuant to unpaid invoices for the Knight Rider Hoods manufactured and delivered and, in order to avoid injustice, Defendant should be ordered to fulfill its promises.

WHEREFORE, Plaintiff Plasan Carbon Composites, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant in the amount of Plaintiff's damages, award Plaintiff its costs and attorneys' fees, and grant Plaintiff such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury for all matters so triable.

Respectfully submitted,

DOWNS, RACHLIN, MARTIN PLLC

_____
Walter E. Judge, Jr.
Attorneys for Plaintiff
Courthouse Plaza
199 Main Street
Burlington, VT 05402
(802) 863-2375
wjudge@drm.com

- and -

CLARK HILL PLC
Mahesh K. Nayak (MI Bar #P54867)
Jonathon Martone (MI Bar #P73035)
Attorneys for Plaintiff
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI 48009
(248) 642-9692

Dated: December 17, 2009

3358710.1